**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


DEBRA MARCEL et al.                                    CIVIL ACTION

VERSUS                                                    No. 08-3920

REHABCARE GROUP, INC.                                 SECTION I/1


<u>ORDER AND REASONS</u>

Before the Court is a motion to remand on behalf of plaintiffs, Debra Marcel and Huey

Marcel, Jr. (the "Marcels").[1]  Defendant, Rehabcare Group, Inc. ("Rehabcare"), has filed an

opposition.  For the following reasons, plaintiffs' motion to remand is **DENIED**.


*BACKGROUND*

On October 1, 2007, Huey P. Marcel, Jr. ("Mr. Marcel") was admitted to Hospital

District No. 1 in Jefferson Parish d/b/a West Jefferson Medical Center ("WJMC") for a staph

infection in his left fourth finger.[2]  The Marcels allege that on the morning of October 3, Dr.

Charles Dupin performed surgery on Mr. Marcel to treat the infection.[3]  That evening, a

Rehabcare employee performed physical therapy on Mr. Marcel's operated hand, despite the

lack of any such order from a physician.[4]  The therapy caused Mr. Marcel's suture to separate

_____

[1] R. Doc. No. 5.

[2] R. Doc. No. 1-2, petition ¶ 3.

[3] <u>Id</u>. ¶¶ 3-4.

[4] <u>Id</u>. ¶ 5.

1

and his hand to bleed.[5]  As a result of the unnecessary therapy, additional surgeries were required which ultimately led to a partial loss of use of the finger, physical and mental pain, and medical expenses and lost wages.[6]

On June 2, 2008, the Marcels, citizens of Louisiana, filed this lawsuit in state court against Rehabcare, a Delaware corporation with its principal place of business in Missouri.  The Marcels allege that Rehabcare negligently failed to follow physician's orders, negligently performed physical therapy on Mr. Marcel, negligently failed to confirm the need for physical therapy, and negligently failed to follow the policies and procedures of WJMC.[7]

Rehabcare timely removed this action to federal court on July 11, 2008.[8]  The Marcels contend that this Court should remand the matter because they plan to supplement their petition to add WJMC, a non-diverse party not yet named in the lawsuit.  They did not initially name WJMC as a party in state court because they chose to comply with the Louisiana Medical Malpractice Act, which requires that a medical malpractice claim be presented to a medical review panel before a malpractice suit can be properly filed against a qualified healthcare provider.  La. Rev. Stat. Ann. § 40:1299.47.[9]  The Marcels argue that adding WJMC will defeat diversity.[10]  The Marcels claim, alternatively, that if the case is not remanded at this time, this

---

[5] Id.

[6] Id. ¶ 7.

[7] Id. ¶ 8.

[8] R. Doc. No. 1, notice of removal.

[9] The Marcels allege that WJMC is a qualified healthcare provider, while Rehabcare is a non-qualified health care provider.  R. Doc. No. 5-2, mem. supp. 1.  The Marcels submitted to this Court a copy of the complaint to the Louisiana Patient's Compensation Fund Oversight Board requesting that a medical review  panel be convened to investigate allegations of medical malpractice against WJMC and Rehabcare.  Id.

[10] Id. at 2.

Court should stay this action pending the outcome of the medical review panel.[11]


## LAW AND ANALYSIS

**I.      Standard of Law**

A district court must remand a case to state court if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c) (2006); Preston v. Tenet Healthsys. Mem'l Med. Ctr., Inc., 485 F.3d 804, 813 n.3 (5th Cir. 2007).  The burden of establishing that federal jurisdiction exists in a case "rests on the party seeking the federal forum."  Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001).  The removal statute is to be strictly construed.  Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 281 (5th Cir. 2007).  Any "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."  Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).  In order to determine whether jurisdiction is present, a court must "consider the claims in the

state court petition as they existed at the time of removal."  Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).

---

[11] Id. at 4.

## II.     Discussion

The Louisiana Medical Malpractice Act requires that medical malpractice claims be administratively reviewed by a medical review panel prior to commencement of a lawsuit against a Louisiana healthcare provider:

> No action against a healthcare provider covered by this Part, or his insurer, may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel established pursuant to this Section.

La. Rev. Stat. § 40:1299.47 B(1)(a)(I). If a plaintiff files a lawsuit in a Louisiana state court prior to submitting a medical malpractice claim to the review panel, the medical malpractice claim is subject to the dilatory exception of prematurity which, if sustained, results in a dismissal of that claim without prejudice.  See LA. CODE CIV. PROC. art. 933 (1960); La. Rev. Stat. § 40:1299.47 (B)(1)(a)(I); Englande v. SmithKline, 206 F. Supp 2d 815, 817 (E.D. La. Feb. 8, 2002) (Feldman, J.) (citing Brister v. Sw. La. Hosp. Ass'n, 624 So. 2d 970 (La. App. 3d Cir. 1993)).  In such a case, if a health-care-provider-defendant does not timely raise the exception of prematurity in response to such a lawsuit, the defendant's right to have the medical malpractice claim administratively reviewed prior to a lawsuit is waived. See La. Code Civ. Proc. art. 926 (1960); Barraza v. Scheppegrell, 525 So. 2d 1187, 1188 (La. App. 5th Cir. 1988).

In support of remand, the Marcels rely on Ohler v. Purdue Pharma, L.P., No. 02-0757, 2003 WL 943643 (E.D. La. Mar. 7, 2003) (Africk, J.).[12] Ohler involved a medical malpractice claim against the plaintiff's treating physician and the physician's company, non-diverse defendants, as well as several diverse drug manufacturer defendants.  Id. at *1.  The diverse

---

[12] Id. at 1.

4

defendants filed a timely notice of removal, alleging that the non-diverse defendants were fraudulently joined and that the plaintiff's claims against them should have been submitted to a medical review panel before suit was filed.  Id.  The court found that the non-diverse defendants were not fraudulently joined and, because diversity was lacking, granted the plaintiff's motion to remand.  Id.  After the case was remanded, the state court entered a consent decree sustaining the non-diverse defendants' dilatory exception of prematurity and dismissed them without prejudice. Id. at *2.

For the second time, the diverse defendants removed the case.  Again, the plaintiff filed a motion to remand.  Id.  The court noted that in determining whether a case was properly removed, the Fifth Circuit follows the "voluntary/involuntary" dismissal rule, which provides that "cases, not originally removable, may become so by the voluntary (but not the involuntary) dismissal of those defendants whose presence precluded removal."  Id. (quoting Phillips v. Unijax, 625 F.2d 54, 56 (5th Cir. 1980)) (internal quotation marks omitted).

Following the reasoning of Englande v. SmithKline, the court held that the plaintiff's agreement to the state court consent decree did not constitute a "voluntary" abandonment of claims against the healthcare providers.  Id. at *3.  Because the dismissal of the non-diverse defendants was involuntary, removal was not proper, and the court granted the plaintiff's motion to remand.  Id.

Unlike the plaintiff in Ohler, the Marcels have never named WJMC, the non-diverse defendant, as a party to the lawsuit.  Therefore, there has not been any dismissal, whether "voluntary" or "involuntary," in this case.  Instead, the present facts of the case align with those in McQuistin v. Boston Scientific Corp., No. 07-1723, 2008 WL 104210 (W.D. La Jan. 9, 2008)

(Hornsby, J.), Harris v. Brecher, No. 06-1678, 2007 WL 1296349 (W.D. La Apr. 13, 2007)

(Kirk, J.), and Donaldson v. Spinal Concepts, Inc., No. 03-1513, 2003 WL 21913704 (E.D. La

Aug. 6, 2003) (Fallon, J.).  In each of these cases, the plaintiffs sued only the diverse defendants

in state court, while filing a complaint with the medical review panel against the non-diverse

defendants.  In each case, the court denied a motion to remand, holding that the court must only

consider the parties actually named as defendants.  For example, in Harris, the court stated:

> [T]he fact is, in this case, the only defendants named are diverse.
> Complete diversity exists, the petition for removal was timely
> filed, the jurisdictional threshold is met, and this court has subject
> matter jurisdiction. Diversity is considered between the parties to
> the action only, not unnamed parties. That those unnamed parties
> may someday be named as defendants is speculative.

Harris, 2007 WL 1296349, at *1.  Further, in Donaldson, the court distinguished cases such as

Ohler by reasoning as follows:

> Issues of fraudulent joinder and voluntary dismissal are not present
> in this case, and the rationale of those cases is inapplicable to the
> present matter.  These cases do, however, illustrate that the
> plaintiff could have added the non-diverse party at the outset and
> defeated removal even if the non-diverse party was dismissed as
> prematurely added.  Of course, this was not done in this case.
> Diversity jurisdiction clearly existed at the time the case was filed
> in state court; accordingly, removal was proper.

Donaldson, 2003 WL 21913704, at *3.

Many scenarios exist which justify not remanding at this time. The case may settle, the

Marcels may decide after the medical review panel to drop their claims against WJMC, or this

court may not grant leave to amend to name WJMC.  Harris, 2007 WL 1296349, at *1.

This Court recognizes the conundrum that exists in cases such as this one.  Under Ohler,

a plaintiff may be in a better position by not complying with Louisiana law: he may name both

6

diverse and non-diverse defendants in his initial petition and allow the defendants to be involuntarily dismissed, thereby mandating remand once the case is removed to federal court. Meanwhile, according to <u>Harris</u> and <u>Donaldson</u>, plaintiffs who comply with Louisiana law, like the Marcels, may find themselves in an undesired position: they may sue only the diverse defendant in their initial petition, thereby establishing diversity for removal. Despite this conundrum, the facts before the Court justify retaining jurisdiction. Because Rehabcare is a foreign defendant and the Marcels are Louisiana residents, diversity exists. Further, the controversy on the face of the petition exceeds $75,000.00. Therefore, this Court has subject matter jurisdiction and there is no cause to remand the case to state court.

## III.    Motion to Stay

The Marcels' request for a stay is denied based on the present record. They may, however, reurge the motion to stay, with a more detailed exposition of the circumstances that justify a stay in this case.

Accordingly,

**IT IS ORDERED** that the Marcels' motion to remand is **DENIED**.

**IT IS FURTHER ORDERED** that the Marcels' motion to stay is **DENIED**.

New Orleans, Louisiana, October 16, 2008.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

7